UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO ROCA-BUIGAS, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 4:13-cv-2152 |
| CLUTSH SPORTZ, LLC; RENALD POISSON | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Roberto Roca-Buigas' Motion to Amend and Modify the Judgment. (Doc. No. 19.)[1] Because Mr. Roca-Buigas has not adduced any new evidence and does not present any legal arguments that the Court has not already considered and rejected, his Motion must be **DENIED**.

### I. BACKGROUND

This case arises from a contract dispute between the parties. Defendant Mr. Poisson solicited an investment of $500,000 from Plaintiff in order to develop a mobile application for Defendants' gaming system. (Doc. 19 at 1.) Plaintiff contends that the patent for the gaming system was deposited in a lockbox account as collateral for this investment. (Doc. No. 1 at 5.) Plaintiff was to be repaid in full on June 1, 2012. (*Id.*) On this date, Plaintiff received a letter from Defendants requesting a two-week extension in exchange for a $200,000 penalty. (*Id.* at 6.) Plaintiff agreed via email. (*Id.*) The two-week deadline passed, but Plaintiff did not receive payment. (*Id.*) Plaintiff sued for breach of contract, requesting damages of $500,000 for the

---

[1] All docket references are to 4:13-CV-2152.

initial investment, $200,000 for the late penalty, $1.5 million in lost profits, and declaratory judgment on ownership of the patent. (*Id.* at 7-8.)

After a hearing, the Court entered judgment in favor of Plaintiff in the amount of $700,000. (Doc. No. 18.) Plaintiff now moves to amend and modify the judgment, arguing that it failed to reflect the full relief to which he is entitled. (*Id.* at 3.)

## II. LEGAL STANDARDS

A motion to alter or amend a judgment under Federal Rules of Civil Procedure 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III. DISCUSSION

In his Motion, Plaintiff argues that Defendants' liability was clear based on their failure to answer his complaint and their concession that they defaulted on the loan. (Doc. No. 19 at 3). He also states that "[d]amages were clear based on the uncontested terms of the agreement

2

awarding [P]laintiff repayment of the loan, the rights to the patent, and a royalty interest in its proceeds." (*Id.*)

Plaintiff's Motion simply revisits issues this Court has already decided, urging arguments this Court has already rejected. The Court specifically considered whether Plaintiff was entitled to damages for lost profits and declaratory judgment on the patent (Doc. No, 16), and found that he was not so entitled. The argument Plaintiff sets forth in his Motion is insufficient to meet his burden under Rule 59. The Court therefore **DENIES** his Motion to Amend and Modify the Judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of Oct, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE